# WILHELM ZIEMKE v. ALBERT HOHENSTEIN.[1]

July 22, 1910.

Nos. 16,561—(42).

**Verdict sustained by evidence.**

In an action for negligence in performing an agreement to lay drain tile upon his own land, whereby surface water from defendant's land overflowed on plaintiff's land, a verdict in favor of plaintiff was sustained by the evidence. [Reporter.]

Action in the district court for Blue Earth county to recover $384.13, damages to certain land caused by the alleged negligence of defendant in complying with a contract and a subsequent stipulation relating to the construction of a drain upon his land, resulting in the flooding of plaintiff's land. The facts are stated

[1]Reported in 127 N. W. 1135.

in the opinion. The answer alleged that the tiling on plaintiff's land was negligently laid so that it was not sufficient to carry off the water conducted to it from the land of the defendant; that prior to the laying of the tiling there was a natural depression from the watercourse running across the land of defendant and that of plaintiff; that plaintiff had filled up the natural depression and thereby dammed up the water and caused it to accumulate and remain on defendant's land. The reply was a general denial. The case was tried before Quinn, J., and a jury which returned a verdict in favor of plaintiff for ten dollars. Defendant's motion for a new trial was denied. From a judgment for $65.92 entered pursuant to the verdict, defendant appealed. Affirmed.

*Benjamin Taylor* and *Ashley Coffman,* for appellant.

*A. R. Pfau, Jr., C. J. Laurisch, D. A. Reed, H. L. & J. W. Schmitt,* for respondent.

PER CURIAM.

The parties in this action were owners of adjoining farms. The surface water naturally drained from a part of appellant's land westerly through respondent's land. Having had a dispute as to their respective rights, they entered into an agreement by which respondent agreed to lay tiling through his land of sufficient size to accommodate the flow of water, and appellant agreed to lay tiling through his farm, connecting with respondent's tiling, of sufficient size to take care of the water on his land so that none of it would overflow respondent's land.

The parties attempted to comply with their contract, but there arose a dispute as to whether it had been properly done, and respondent commenced this action against appellant to recover damages for failure to carry out his part of the contract. Issues were filed in that case, and thereupon another agreement was entered into on February 5, 1908, whereby appellant agreed to fill in the open ditch lying above the tiling, which had been laid on his farm, so as to make the surface of the land above the tiling conform to the general lay of the land, and both parties agreed to leave the surface of the land along or near the line of tiling in its natural condition. It was also agreed that such action should be continued to give appellant time to fill up the ditch, and upon his doing so the action was to be dismissed by respondent. Thereafter respondent dismissed that action, and afterwards claimed that appellant had failed to fill up the ditch, as required by the contract, and commenced the present action to recover damages for his failure so to do. Issue was joined. The case went to trial, and respondent recovered a verdict of ten dollars. Judgment was entered for the sum of $65.90 and defendant appealed.

We have examined the evidence and the rulings of the court and are of opinion that no error was committed in this case and the judgment is accordingly affirmed.